# Exhibit A

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| MECKLENBURG COUNTY | FILE 20 CVS 15257 |

| SAMANTHA G. HIGH, | ) |  |
| | ) |  |
| Plaintiff, | ) |  |
| | ) | **COMPLAINT** |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) |  |
| YOUNG & POLITE-YOUNG, DDS, P.A., | ) |  |
| | ) |  |
| Defendant. | ) |  |
| | ) |  |

The Plaintiff, Samantha G. High, being duly sworn, alleges and says the following:

## I.
## NATURE OF ACTION

This civil action arises from violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (hereinafter referred to as "Title VII") and state law. Plaintiff alleges that the Defendant, Young & Polite-Young, DDS, P.A., terminated her employment as a Sterilization Technician because of her sex and/or pregnancy. Plaintiff seeks appropriate equitable relief, as well as monetary relief in the form of present and future lost wages, compensatory damages for emotional distress, and punitive damages as provided by federal and state law.

## II.
## JURISDICTIONAL STATEMENT & PARTIES

1. The Plaintiff is an adult citizen and resident of Cabarrus County, North Carolina. At all times relevant to this Complaint, Plaintiff was employed by the Defendant and worked in Mecklenburg County, North Carolina.

1

2. The Defendant, Young & Polite-Young, DDS, P.A., was, and continues to be a professional association, authorized to conduct, and conducting business within the State of North Carolina. Defendant provides professional pediatric dental services and operates a number of dental offices located in Mecklenburg County.

3. At all times relevant herein, the Defendant is, and continues to be an "employer" under federal and state law in that it is engaged in commerce and/or an activity or industry affecting commerce, and employs fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in this the current and/or preceding calendar year.

4. This Court has jurisdiction over the parties and the subject matter of this Complaint. Venue in the Superior Court of Mecklenburg County is proper pursuant to N.C. Gen. Stat. § 1-82.

5. All procedural prerequisites to the institution of this action have been fulfilled.

### III.
### STATEMENT OF FACTS

6. The Defendant employed the Plaintiff on or about June 17, 2019 to work as a front desk receptionist at its Mint Hill, North Carolina dental office. In this position, Plaintiff received satisfactory job performance evaluations throughout her first three (3) months of employment.

7. Upon her completion of her initial 90 days of employment, Defendant offered Plaintiff the opportunity to transition to the job position of Dental Assistant I, or Sterilization Technician (referred to as "STZ Tech"). Plaintiff accepted Defendant's offer inasmuch as she had a keen interest in dentistry and aspired to work in a professional dental capacity which rendered direct patient care.

8. Plaintiff did not receive any training immediately after she accepted Defendant's offer to become a STZ Tech. For several weeks she continued to assist as a front desk receptionist at

2

Defendant's Mint Hill location and continued to check patients in for their appointments, assist them with check-out, and provide some limited assistance, due to staffing issues, with sterilizations.

9. On November 7, 2019, Meagan Monauni, Ms. High's manager, sent an email to Plaintiff advising that she was scheduled to complete her STZ training at Defendant's University location on November 18 and 19, 2019. Ms. Monauni also advised Plaintiff that she would have a third day of STZ training at Defendant's Mint Hill location on November 20, 2019. Ms. Monauni also advised that Plaintiff's training would be conducted with Juana Ibarra.

10. On November 15, 2019, Ms. Monauni provided Plaintiff with a checklist to complete during her training in order to assist Plaintiff in tracking the requirements of the STZ Tech position.

11. On November 18, 2019, Plaintiff advised her immediate supervisor, Ms. Monauni, as well as the manager of Defendant's University location, Brandy Manning, that she was pregnant. Ms. Manning encouraged Plaintiff to inform Defendant's owners about her pregnancy.

12. Following her discussion with Ms. Manning, Plaintiff attended a STZ training session with Dr. Lorette Polite-Young, one of Defendant's owners, and with Ms. Ibarra. During this training session, Plaintiff learned for the first time that she would be required to use a hand-held x-ray device. At the time of the November 18th training session, Defendant's Mint Hill location did not utilize the hand-held x-ray device. Instead, Defendant's Mint Hill location utilized x-ray technology in which patient x-rays were performed in a room separate from the operator of the x-ray equipment.

13. During the November 18th training session, Dr. Polite-Young asked Plaintiff whether she was uncomfortable utilizing the hand-held x-ray device. Plaintiff stated that she was

3

uncomfortable using this particular device because she was pregnant. In response, Dr. Polite-Young stated, "Congratulations. At least I can tell my husband I actually found out before the holidays." Immediately following this comment, Plaintiff continued with her training session with Ms. Ibarra. Plaintiff learned how to operate the hand-held x-ray device by observing Ms. Ibarra's use of the device through a glass window while standing outside the patient examination area. In addition, Ms. Ibarra instructed Plaintiff regarding how to use a computer to access the patient x-rays. Plaintiff thereafter completed her training for the day without any further discussion of her pregnancy or her work performance. After work, however, Ms. Monauni sent a text to Plaintiff requesting that she report to Defendant's Mint Hill office the next day in order to cover the front desk.

14. On November 19, 2019, Plaintiff covered the front desk at Defendant's Mint Hill office as instructed. Plaintiff did not receive any STZ Tech training from Ms. Ibarra on that date.

15. On November 20, 2019, again reported to Defendant's Mint Hill office and received some training as previously scheduled. On that date, Ms. Monauni met with Plaintiff in order to review the job expectations of the STZ Tech position. During her November 20th meeting with Plaintiff, Ms. Monauni told her that she needed to review the expectations of the position with her because no one had done so previously and because Defendant had "just thrown [Plaintiff] into the new position." During the November 20th meeting with Ms. Monauni, Ms. Monauni told Plaintiff that she was doing well in training and agreed that Plaintiff could perform all of her responsibilities as an STZ Tech. When Plaintiff raised the subject of her use of the hand-held x-ray device, Ms. Monauni indicated that she completely understood Plaintiff's concerns and that she would not have to worry about any health concerns at the Mint Hill office because it did not

4

utilize that device at that location. Ms. Monauni did not indicate to Plaintiff in any way that her job performance during her STZ training was deficient.

16. On November 22, 2019, Defendant requested that Plaintiff report to work at the University office. Defendant was instructed to work the front desk at the University location because Defendant was short-staffed. Defendant did not provide Plaintiff with any further training for the STZ Tech position on this date.

17. On November 26, 2019, Ms. Monauni sent a text message to Plaintiff informing her that the schedule in the office was "light" and that Plaintiff did not need to go to the office to work on that day. Subsequently, Defendant's Human Resources Manager, Jan Tate, informed Plaintiff via email on that date that Defendant decided to terminate her employment due to her alleged inability to meet its performance expectations, stating, in part: "When asked to complete a task you were not responsible (just observed without executing task) and showed lack of interests after much given instructions." Plaintiff denied, and continues to deny, such allegations.

18. Prior to the termination of her employment, Defendant did not offer to accommodate Plaintiff's medical needs by providing her with a lead apron to wear while using the hand-held x-ray device nor did it provide any other accommodation to her to insure the safety of Plaintiff and her unborn child.

19. On January 28, 2020, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, styled *"Samantha G. High v. Young & Polite Children's Dentistry,"* EEOC Charge No. 430-2020-01034. A copy of Plaintiff's charge of discrimination is attached hereto as "**Plaintiff's Exhibit No. 1**."

20. On August 26, 2020, the U.S. Equal Employment Opportunity Commission issued its Notice of Rights to Plaintiff in connection with EEOC Charge No. 430-2020-01034. A copy of the Notice of Rights issued to Plaintiff is attached hereto as "**Plaintiff's Exhibit No. 2**."

21. All procedural prerequisites to the filing of this action have been fulfilled.

22. Despite her efforts to obtain alternate employment, Plaintiff has been unable to obtain employment which is comparable in pay and benefits to the employment she held with Defendant.

23. Plaintiff gave birth to her child on June 25, 2020.

## FIRST CLAIM FOR RELIEF
### (Violation of 42 U.S.C. § 2000e – Sex/Pregnancy Discrimination)

24. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 23 of this Complaint.

25. Defendant terminated Plaintiff's employment because of her pregnancy and/or sex in violation of Title VII. *42 U.S.C. § 2000e(k)*. Plaintiff is a member of a class protected by Title VII. Plaintiff was performing the duties of her employment in a satisfactory manner at the time of her discharge. Indeed, not only did Plaintiff's manager advise her that she was doing well in her STZ training, Ms. Ibarra advised Plaintiff in a text message dated November 27, 2019, that she thought Plaintiff's "performance was great."

26. Defendant's explanation for its decision to terminate Plaintiff's employment is false and is a pretext for purposeful sex/pregnancy discrimination.

27. As a direct and proximate result of Defendant's acts and omissions, Plaintiff suffers, and continues to suffer present and future pecuniary losses, including, but not limited to loss of wages and other benefits. In addition, Plaintiff has sustained, as a direct and proximate result of Defendant's actions, damages in the form of emotional distress, including, but not limited to

6

humiliation, embarrassment, loss of professional standing, sleeplessness, anxiety, and depression. Accordingly, Plaintiff is entitled to have recover of Defendant back pay, front pay, and compensatory damages in an amount to be proved at trial in excess of Twenty-Five Thousand Dollars ($25,000.00).

28. Defendant's acts and omissions were willful and intentional and have been committed with malice and/or a reckless indifference to Plaintiff's federally protected rights. Accordingly, Plaintiff is entitled to have and recover of Defendants punitive damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

## SECOND CLAIM FOR RELIEF
### ( Wrongful Discharge in Violation of State Public Policy)

29. Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 28 of this Complaint.

30. The North Carolina Equal Employment Practices Act provides that "It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of . . . sex . . . by employers which regularly employ 15 or more employees." *N.C. Gen. Stat. §143-422.1.*

31. Defendant terminated the employment of Plaintiff because of her sex.

32. The termination of Plaintiff's employment by the Defendant constitutes a wrongful discharge in violation of North Carolina public policy.

33. As a direct and proximate result of Defendant's actions, Plaintiff suffers, and continues to suffer present and future pecuniary losses, including, but not limited to loss of wages and other benefits. In addition, Plaintiff has sustained, as a direct and proximate result of Defendant's actions, damages in the form of emotional distress, including, but not limited to humiliation, embarrassment, loss of professional standing, sleeplessness, anxiety, and depression.

7

Case 3:20-cv-00702-DSC    Document 1-1    Filed 12/16/20    Page 8 of 20

Accordingly, Plaintiff is entitled to have recover of Defendant back pay, front pay, and compensatory damages in an amount to be proved at trial in excess of Twenty-Five Thousand Dollars ($25,000.00).

34. Defendant's acts were willful and intentional and have been committed with malice and/or a reckless indifference to Plaintiff's state-protected rights. Accordingly, Plaintiff is entitled to have and recover of Defendant punitive damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court to:

A. Enter judgment in her favor and grant a permanent injunction enjoining the Defendant from engaging in unlawful employment practices because of sex and/or pregnancy, including those practices which violate Title VII and state public policy.

B. Order the Defendant to make the Plaintiff whole by providing her with equitable relief and monetary damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for the loss of present and future lost wages and other benefits, as well as for her emotional distress, anxiety, and humiliation caused by the acts of the Defendant.

C. Order the Defendant to pay to the Plaintiff punitive damages as provided by federal and state law in amounts to be proved at trial exceeding Twenty-Five Thousand Dollars ($25,000.00).

D. Award Plaintiff her reasonable costs and attorney's fees incurred in this action as provided by federal and state law.

E. Grant such further and different relief to the Plaintiff as the Court deems necessary and proper under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial regarding the matters alleged herein.

This the 13th day of November, 2020.

Jenny L. Sharpe, Esq.
Attorney for Plaintiff
N.C. State Bar No. 13698

**J SHARPE, PLLC**
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
Telephone: (704) 944-3272
Facsimile: (704) 944-3201
Email: sharpeattorney@gmail.com

9

STATE OF NORTH CAROLINA      )
                             )      **VERIFICATION**
MECKLENBURG COUNTY           )
_____)

The undersigned, SAMANTHA G. HIGH, being duly sworn, deposes and says:

She is the Plaintiff in the foregoing civil action; that she has read the Complaint filed in this action; that the allegations contained in that document are true and are based upon her own knowledge and belief; and as to those matters and things stated in her Complaint upon information and belief, she believes them to be true.

This the 12 day of November, 2020.

                                                     _Samantha High_
                                                   SAMANTHA G. HIGH

Sworn to and subscribed before me
this the 12 day of November, 2020.

_Jamie Swayney_
Notary Public

My commission expires: April 9, 2023

[Notary Seal: JAMIE SWAYNEY, NOTARY PUBLIC, MECKLENBURG COUNTY, NC]

## COMPLAINT

## HIGH V. YOUNG & POLITE, DDS, P.A.

## PLAINTIFF'S EXHIBIT NO. 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA [X] EEOC | 430-2020-01034 |

<u>null</u> and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MRS. SAMANTHA G HIGH | (704) 425-3999 | 1995 |

Street Address — City, State and ZIP Code
1655 WILD TURKEY WAY, CONCORD, NC 28025

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| YOUNG AND POLITE CHILDREN'S DENTISTRY | 15 - 100 | (704) 587-7336 |

Street Address — City, State and ZIP Code
7215 LEBANON RD, MINT HILL, NC 28227

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address — City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-26-2019    Latest: 11-26-2019
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. I was hired by the above named employer on or around June 17, 2019, to work at the Front Desk. On or around November 9, 2019, I was asked if I would like to move into the job position of Sterilization Technician. I accepted the new job assignment. For my training, I was sent to work at the University location for a few days. On November 18, 2019, I was at the University location training and I saw they use Nomad x-ray equipment. I told the owner that I was uncomfortable to be in the room because of my pregnancy. On November 26, 2019, I was informed that I was fired.

II. On November 20, 2019, I reviewed the job expectations with my Manager. I was able to do everything on the expectations with my pregnancy. My Manager also told me that I was doing well at the new job. The University location is the only location that uses Nomad x-ray equipment. I was never informed of any job performance deficiencies until my termination email.

III. I believe I have been discriminated against on the basis of my sex (Female Pregnancy), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Digitally signed by Samantha High on 01-28-2020 03:43 PM EST | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

## COMPLAINT

## HIGH V. YOUNG & POLITE, DDS, P.A.

## PLAINTIFF'S EXHIBIT NO. 2

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Samantha G. High<br>1655 Wild Turkey Way<br>Concord, NC 28025 | From: | Charlotte District Office<br>129 W. Trade Street<br>Suite 400<br>Charlotte, NC 28202 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2020-01034 | Rebecca A. Conway, Investigator | (980) 296-1271 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*/s/ Thomas M. Colclough*
Thomas M. Colclough
District Director

8/26/20
*(Date Mailed)*

Enclosures(s)

cc:
| Bridget A. Blinn-Spears<br>NEXSEN PRUET, LLC<br>4141 Parklake Ave<br>Suite 200<br>Raleigh, NC 27612 | Jenny Sharpe<br>JENNY L. SHARPE, ATTORNEY AT LAW<br>15720 Brixham Hill Avenue, Suite 300<br>Charlotte, NC 28277 |
|---|---|

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

| STATE OF NORTH CAROLINA | | File No. 20 CVS 15257 |
|---|---|---|
| MECKLENBURG County | | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name And Address Of Plaintiff 1 | |
|---|---|
| SAMANTHA G. HIGH<br>c/o: 15720 Brixham Hill Ave., Ste. 300<br>Charlotte, NC 28277 | **GENERAL<br>CIVIL ACTION COVER SHEET**<br>☒ INITIAL FILING ☐ SUBSEQUENT FILING |

FILED 2020 NOV 13 P 1:36 MECKLENBURG COUNTY, C.S.C. BY_____

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

**VERSUS**

| Name And Address Of Defendant 1 | Name And Address Of Attorney Or Party, If Not Represented |
|---|---|
| Young & Polite-Young, DDS, P.A.<br>3010 Baucom Road<br>Ste. 100<br>Charlotte, NC 28269 | Jenny L. Sharpe, Esq.<br>15720 Brixham Hill Ave., Ste. 300<br>Charlotte, NC 28277 |

Summons Submitted ☐ Yes ☐ No

| Telephone No. 704-944-3272 | Cellular Telephone No. 704-858-2581 |
|---|---|
| NC Attorney Bar No. 13698 | Attorney Email Address sharpeattorney@gmail.com |

☒ Initial Appearance in Case ☐ Change of Address

| Name Of Firm | Fax No. |
|---|---|
| J Sharpe, PLLC | 704-944-3201 |

Counsel For
☒ All Plaintiffs ☐ All Defendants ☐ Only: (list party(ies) represented)

Name And Address Of Defendant 2

Summons Submitted ☐ Yes ☐ No

☐ Jury Demanded In Pleading ☐ Complex Litigation ☐ Stipulate to Arbitration

**TYPE OF PLEADING**

(check all that apply)
- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) Assess Court Costs
- ☐ Crossclaim (list on back) (CRSS) Assess Court Costs
- ☐ Dismiss (DISM) Assess Court Costs
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

(Over)

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

| CLAIMS FOR RELIEF | | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☒ Other *(specify and list each separately)* Sex/Pregnancy Discrimination in violation of Title VII of the Civil Rights Act of 1964 and state wrongful discharge. |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) | |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | |
| ☐ Contract (CNTR) | ☐ Negligence - Other (NEGO) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) | |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | |

Date: 11/13/2020

Signature Of Attorney/Party: *Jenny L. Sharpe*

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)    ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

Case 3:20-cv-00702-DSC   Document 1-1   Filed 12/16/20   Page 18 of 20

Name Of Plaintiff
SAMANTHA G. HIGH

Address
c/o: 15720 Brixham Hill Ave., Ste. 300

City, State, Zip
Charlotte, NC 28277

**VERSUS**

Name Of Defendant(s)
Young & Polite-Young, DDS, P.A.

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

Name And Address Of Defendant 1
Young & Polite-Young, DDS, P.A.
c/o: Robert L. Young, Jr., Registered Agent
3010 Baucom Road, Ste. 100
Charlotte, NC 28269

Name And Address Of Defendant 2

**IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)
Jenny L. Sharpe, Esq. / J Sharpe, PLLC
15720 Brixham Hill Ave., Ste. 300
Charlotte, North Carolina 28277

Date Issued: 11-13-2020
Time: 1:30 ☐ AM ☒ PM
Signature: Emily J. B[...]
☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date Of Endorsement
Time ☐ AM ☐ PM
Signature
☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

| RETURN OF SERVICE | |
|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |